FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

**JAN 1 6 2008**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MARIA R. CONTRERAS,<br><br>           Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>Social Security,<br><br>           Defendant(s). | No.  CV 06-5406-GPS (AGR)<br><br>ORDER ADOPTING MAGISTRATE<br>JUDGE'S REPORT AND<br>RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation.  The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner.

DATED: _1/14/08_          _____

GEORGE P. SCHIAVELLI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MARIA R. CONTRERAS, | ) | No. CV 06-5406-GPS (AGR) |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION OF |
| v. | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Defendant. | ) | |

The Court submits this Report and Recommendation to the Honorable George P. Schiavelli, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the decision of the Commissioner be affirmed.

///

///

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

Plaintiff Maria R. Contreras ("Contreras") filed an application for Supplemental Security Income benefits on May 19, 2004. A.R. 60-64. The application was denied initially and McMullen filed a request for hearing. A.R. 27-28, 45. The Administrative Law Judge (ALJ) conducted a hearing on September 19, 2005. A.R. 162-178.

On November 18, 2005, the ALJ issued a decision denying benefits. A.R. 15-26. Contreras sought review with the Appeals Council. A.R. 12, 14. On March 6, 2006, the Appeals Council denied Contreras' request for review and designated the ALJ's decision as the final decision of the Commissioner. A.R. 9-11.

Contreras filed a complaint in this Court on September 30, 2006, pursuant to 42 U.S.C. § 405(g). On March 21, 2007, the case was reassigned to Magistrate Judge Alicia G. Rosenberg.[1] The parties filed a Joint Stipulation on July 3, 2007, that addressed the disputed issues in the case. The Commissioner filed the certified administrative record ("AR"). The Court has taken the Joint Stipulation under submission without oral argument.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When

---

[1]   The assigned District Judge, George P. Schiavelli, remained the same.

1  determining whether substantial evidence exists to support the Commissioner's
2  decision, the Court examines the administrative record as a whole, considering adverse
3  as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is
4  susceptible to more than one rational interpretation, the Court must defer to the decision
5  of the Commissioner. *Moncada*, 60 F.3d at 523.

6                                          III.

7                        **EVALUATION OF DISABILITY**

8        "A person qualifies as disabled, and thereby eligible for such benefits, "only if his
9  physical or mental impairment or impairments are of such severity that he is not only
10  unable to do his previous work but cannot, considering his age, education, and work
11  experience, engage in any other kind of substantial gainful work which exists in the
12  national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed.
13  2d 333 (2003) (citation omitted).

14        The ALJ found that Contreras has "hypertension" which "is controllable with diet
15  and medication." A.R. 25. The ALJ found that Contreras' hypertension "does not have
16  more than a minimal effect on the claimant's basic work abilities" and "has not provided
17  significant limitation on the claimant's ability to perform basic work activities." *Id.* The
18  ALJ concluded that Contreras "does not have a severe impairment" and "was not under
19  a 'disability' as defined in the Social Security Act, at any time through the date of this
20  decision." A.R. 25-26.

21        Contreras argues that the ALJ erred in (1) failing to fully and fairly develop the
22  record; and (2) finding that Contreras did not have a "severe" impairment.

23        **A.    Whether the ALJ Failed to Develop the Record**

24        An ALJ must develop the record only if the evidence is ambiguous or "the record
25  is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276
26  F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.
27  2001). This principle does not allow a claimant to shift her own burden of proving
28  disability to the ALJ. *Mayes*, 276 F.3d at 459 (quoting 42 U.S.C. § 423(d)(5) ("An

                                          3

1   individual shall not be considered to be under a disability unless he furnishes such

2   medical and other evidence of the existence thereof as the Secretary may require")).

3       Contreras argues that the ALJ (1) did not obtain all of Contreras' medical records,

4   (2) did not order a consultative examination which "might reveal limitations," and (3) did

5   not question Contreras with respect to her limitations.   (Joint Stipulation at 3-6.)

6       ***Medical Records.***  Contreras argues that the ALJ was obligated to obtain

7   additional medical records from Olive View Medical Center ("Olive View") and asks that

8   this case be remanded with a specific order that the ALJ obtain those records.  At the

9   hearing, the ALJ stated that he would keep the record open for two weeks in order to

10  permit Contreras to submit medical records from Olive View.[2]  A.R. 166.  The ALJ

11  thereby satisfied his duty.  *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *see*

12  *Tonapetyan*, 242 F.3d at 1150 (duty to develop record may be discharged by keeping

13  record open after hearing to allow supplementation).

14      Contreras bears the burden of furnishing medical and other evidence of disability.

15  42 U.S.C. § 423(d)(5).  The record reflects that, at the hearing, Contreras was

16  represented by counsel.  Contreras did not ask the ALJ to request any records from

17  Olive View Medical Center.  A.R. 166.  After the hearing, Contreras did not inform the

18  ALJ that she did not receive the records from Olive View and did not request an

19  extension of time to obtain those records.  The ALJ issued his decision on November

20  18, 2005, stating that he had not received any additional records as of the date of the

21  decision.  A.R. 21.  Contreras' request for review from the Appeals Council made no

22  mention of any absent medical records and did not request any assistance in obtaining

23

24

25

_____

26      [2]   Contreras also states that "it is questionable" whether her counsel at the hearing
    reviewed her medical records.  The attorney stated at the hearing that he reviewed the
27  exhibit file which contained her medical records and had no objection to admission of any
    of the exhibits.  A.R. 165.  The attorney stated "we need the file" only for purposes of
28  questioning his client on the stand.  A.R. 167.

4

1  them.[3]  A.R. 12-14.  Contreras does not offer any reason why she did not present those
2  records to the ALJ or the Appeals Council.

3       The ALJ made no finding that the medical records were ambiguous or insufficient
4  for him to make a determination as to disability.  *Bayliss v. Barnhart*, 427 F.3d 1211,
5  1217 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Contreras
6  has not established that the existing medical records were sufficiently ambiguous.  (*See*
7  *infra* at pages 8-9.)

8       ***Additional Tests***.  Contreras argues that the ALJ should have ordered
9  consultative tests which "might" reveal limitations and asks that this case be remanded
10 for that purpose.  The Ninth Circuit's decision in *Mayes* forecloses Contreras' argument.
11 In *Mayes*, the claimant was diagnosed with a herniated disc five months after the ALJ
12 issued his decision.  Mayes argued that the ALJ should have developed the record and
13 determined that Mayes had herniated discs before she received that diagnosis.  The
14 Ninth Circuit rejected that argument, stating that Mayes was attempting to shift her own
15 burden of submitting medical evidence to the ALJ.  276 F.3d at 459; 42 U.S.C. §
16 423(d)(5); 20 C.F.R. § 404.1512(a); 20 C.F.R. § 404.1512(c).  "The ALJ had no duty to
17 develop the record by diagnosing Mayes' herniated discs."  *Mayes*, 276 F.3d at 459.

18      Contreras' argument that consultative tests "might" reveal limitations is more
19 speculative and must be rejected based on *Mayes*.  Given that the extensive existing
20 medical records are not ambiguous or inadequate, the ALJ has no duty to order
21 additional tests.  *See id.* at 459-60.

22      ***Questions as to Contreras' Limitations***.  Contreras also argues that the ALJ
23 did not question Contreras as to her limitations.  However, the record demonstrates that
24 Contreras' attorney questioned her extensively about her limitations.  In response,
25 Contreras testified that medication controls her high blood pressure.  A.R. 169.

26

27 _____
28   [3]   The Notice of Decision from the ALJ states: "You should submit any new evidence
     you wish to the Appeals Council to consider with your request for review."  A.R. 16.

1 | Medication also helps her stomach pains and right foot pains.  A.R. 170-171.  Contreras

2 | testified that she stopped working because there was less work to do, not because of

3 | any disability:

4 |             Q:     If they called you up and they said they had that sewing job

5 |                    back, could you do it?

6 |             A:     Yes, but they're not going to give it back to me.

7 |             Q:     But if they did, could you do it?

8 |             A:     Well, if they would give me – well, yes, but who knows.

9 |                    They might not give it to me because –

10 |            Q:     Why'd you leave the job?

11 |            A:     Because the work was less.  It was less work.

12 |            Q:     So they let you go?

13 |            A:     Yes.

14 | A.R. 171-172.

15 |       Contreras does not identify any questions that the ALJ should have asked that

16 | were not covered by her attorney's questioning.  Contreras' argument has no merit.

17 |       **B.     Whether Contreras Has a Severe Impairment**

18 |       At step two of the sequential analysis,[4] the claimant bears the burden of

19 | demonstrating a severe, medically determinable impairment that meets the duration

20 | requirement.  20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5,

21 | 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

22 |             Your impairment must result from anatomical, physiological, or

23 |             psychological abnormalities which can be shown by medically

24 |             acceptable clinical and laboratory diagnostic techniques.  A

25 |

26 |   [4]   The Commissioner uses a five-step sequential analysis for evaluations of disability.
27 | 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L.
       Ed. 2d 119 (1987).  At step one, the ALJ found that Contreras was not engaged in
28 | substantial gainful activity.  A.R. 23.

1                 physical or mental impairment must be established by medical

2                 evidence consisting of signs, symptoms, and laboratory

3                 findings, not only by your statement of symptoms.

4 20 C.F.R. § 404.1508; 20 C.F.R. 516.908.  "[T]he impairment must be one that

5 'significantly limits your physical or mental ability to do basic work activities.'"[5] *Yuckert*,

6 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)).  At step two, the Commissioner

7 does not consider age, education, and work experience.  20 C.F.R. § 404.1520(c).  To

8 satisfy the duration requirement, the severe impairment must have lasted or be

9 expected to last for a continuous period of not less than 12 months.  *Yuckert*, 482 U.S.

10 at 140.  "If the claimant does not have a severe impairment or combination of

11 impairments, the disability claim is denied."  *Id.* at 141.

12       The Ninth Circuit has held that "[a]n impairment or combination of impairments

13 may be found 'not severe *only if* the evidence establishes a slight abnormality that has

14 no more than a minimal effect on an individual's ability to work.'"  *Webb v. Barnhart*, 433

15 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted).  Step two is "a

16 de minimis screening device [used] to dispose of groundless claims" and the ALJ's

17 finding must be "'clearly established by medical evidence.'"  *Id.* at 687 (citations omitted).

18       The ALJ first determined that Contreras' sole medically determinable impairment

19 that satisfies the duration requirement is hypertension.  A.R. 25.  Specifically, the ALJ

20 found that there is no medical evidence of right foot pain and stomach pain.  A.R. 24.

21 Although there is evidence of "minimal" erythema (swelling) at the left knee and left

22 ankle, these conditions are transitory and do not satisfy the duration requirement.  A.R.

23

24 ───────────────

25     [5]  The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for

26 seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and

27 usual work situations," and "dealing with changes in a routine work setting."  *Yuckert*, 482

28 U.S. at 141.

24-25.  Contreras' impairment (hypertension) "does not have more than a minimal effect on the claimant's basic work abilities."  A.R. 25.

Accordingly, the issue is "whether the ALJ had substantial evidence to find that the medical evidence clearly established that [claimant] did not have a medically severe impairment or combination of impairments."  *Webb*, 433 F.3d at 687.

We turn first to the ALJ's finding that hypertension is the sole impairment that meets the duration requirement.  At the hearing, Contreras testified that she suffers from stomach pain and right foot pain.  A.R. 170.  However, subjective symptoms alone cannot establish an impairment at step two.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005); Social Security Ruling (SSR) 96-4p.  Contreras cites to nothing in the medical records, and relies solely on Contreras' subjective testimony, which is legally insufficient.  (Joint Stipulation at 15-16.)

As the ALJ notes, there is reference to "minimal erythema" (swelling) of the left knee and left ankle on June 4, 2004.  A.R. 24-25.  However, the subsequent medical records on August 18, 2004 contain no reference to it.  A.R. 25, 120-121.  Contreras did not mention it at the hearing on September 19, 2005.  Therefore, there is substantial evidence supporting the ALJ's finding that the minimal erythema did not satisfy the duration requirement.  Contreras does not dispute the ALJ's finding that the swelling did not satisfy the duration requirement.

We turn next to the ALJ's finding that Contreras' hypertension "does not have more than a minimal effect on the claimant's basic work abilities."  A.R. 25.  As the ALJ notes, the medical records indicate that Contreras' hypertension is controlled with medication.  A.R. 23, 120, 131, 136, 142, 144.  Contreras testified that her high blood pressure is controlled with medication.  A.R. 169.  In addition, Contreras testified that her stomach and right foot pains are also controlled with medications.  A.R. 170-171.  As demonstrated by the Contreras' testimony quoted above at page 6, Contreras did not testify to anything more than a minimal effect on her ability to work.

1    On this record, there is substantial evidence that the medical evidence clearly

2  established that Contreras did not have a medically severe impairment or combination

3  of impairments.  *Webb*, 433 F.3d at 687.  Contreras argues that she should not have

4  the burden to produce medical evidence when she is 62 years old and does not speak

5  English. (Joint Stipulation at 17.)  However, the problem is not that Contreras failed to

6  produce medical records.  On the contrary, as the ALJ noted, Contreras produced

7  medical records on a regular basis during the period January 2002 through August

8  2004. A.R. 23.  The problem is that the medical records do not support the existence of

9  severe impairments as defined by law at step two.[6]  *See Ukolov*, 420 F.3d at 1005-06

10  (medical records "fell far short of what is required to establish an impairment" at step

11  two of the sequential analysis).

12                                **IV.**

13                            **CONCLUSION**

14    IT IS RECOMMENDED that the Court issue an Order: (1) adopting this Report

15  and Recommendation; and (2) affirming the decision of the Commissioner.

18  DATED: December 18, 2007          _____
19                                          ALICIA G. ROSENBERG
20                                     UNITED STATES MAGISTRATE JUDGE

---

26    [6]  By contrast, the medical records in *Webb* contained objective medical evidence of back pain, hypertension, knee pain, hip pain, visual disturbances, memory loss, diverticulitis, lack of sleep, and difficulty performing physical tasks.  433 F.3d at 687. Moreover, the medical records in *Webb* were sporadic and painted an incomplete picture of the claimant's health. *Id.*

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.